UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04599 JAK (SSx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER SUMMARILY REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION (JS-6)**

On December 23, 2014, Eagle Vista Equities, LLC ("Plaintiff") brought this Unlawful Detainer action against Ricardo and Sandra Vielma ("Defendants") in the Los Angeles Superior Court. Defendants removed this action twice, each on frivolous grounds, and it was remanded each time. Dkts. 6-1, 6-3. In addition, sanctions in the amount of $250 were imposed on Defendants after they failed to respond adequately to an order to show cause as to sanctions with respect to the second removal. Dkt. 6-4. On April 15, 2015, judgment was entered in favor of Plaintiff. Dkt. 6-2.

On June 17, 2015, Sandra Vielma, who is self-represented, removed this action a third time. Dkt. 1. She contends there is jurisdiction under 28 U.S.C. § 1452, the bankruptcy removal statute, and states that she is "presently in bankruptcy." *Id.* at 2. No evidence of such a proceeding is presented. However, the Court takes judicial notice that Sandra Vielma filed a voluntary petition for Chapter 13 Bankruptcy on April 22, 2015. *In re Vielma*, LA BR15-16344-NB, Dkt. 1. In that matter, Plaintiff sought relief from the automatic stay. *Id.* Dkt. 8. On May 26, 2015, over Sandra Vielma's objection, the Bankruptcy Court declared that the Unlawful Detainer action was not subject to the automatic bankruptcy stay. *Id.* Dkt. 19.[1]

Federal courts have limited jurisdiction. They have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party seeking removal bears the burden of proving that jurisdiction is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). 28 U.S.C. § 1452 authorizes the removal of civil actions if there is federal jurisdiction under 28 U.S.C. § 1334. That section provides that district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the

---

[1] This determination does not preclude removal as a matter of law. "[W]hether the automatic stay does or does not apply has little to do with whether actions—stayed or not—may be removed to the bankruptcy court." *In re Pac. Gas & Elec. Co.*, 281 B.R. 1, 11 (Bankr. N.D. Cal. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV15-04599 JAK (SSx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | Eagle Vista Equities, LLC v. Ricardo Vielma et al. | | |

court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." 28 U.S.C. § 1452(b).

For purposes of § 1452(b), the appropriate equitable factors include:

> judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

*TIG Ins. Co. v. Smolker*, 264 B.R. 661, 666 (Bankr. C.D. Cal. 2001).

Having considered these factors, the Court declines to exercise jurisdiction pursuant to 28 U.S.C. § 1452. This action presents issues of state law. The Superior Court has entered judgment in favor of Plaintiff. There is no showing that any matters remain to be adjudicated. To the extent Sandra Vielma seeks post-judgment relief, the Superior Court or the California Court of Appeal would be the appropriate forum in which to do so. In light of this procedural posture, removal would cause undue delay and prejudice Plaintiff.

For these reasons, this action is summarily **REMANDED** to the Los Angeles Superior Court at its Stanley Mosk Courthouse. As noted, this is the third removal of this Unlawful Detainer by one or both Defendants. None has been meritorious. Any future removal of this action without a reasonable, good faith and legally cognizable basis may result in the imposition of sanctions and an award of attorney's fees.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    ak